IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD MALONE, # 137064**  PETITIONER

**VERSUS**  CAUSE NO. 1:14CV423-LG-RHW

**WARDEN WALKER**  RESPONDENT

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner Donald Malone is incarcerated with the Mississippi Department of Corrections. He initiated this habeas action on November 17, 2014.

That same day the Court ordered Malone to either pay the $5.00 filing fee or amend his application to proceed *in forma pauperis*, by December 8, 2014. The Order [3] was mailed to him at Wilkinson County Correctional Facility, 2994 Highway 61 West, Woodville, Mississippi 39669. Because this is not the correct address for that prison, the Order was returned as undeliverable, on November 24, 2014. The envelope was marked, "No mail receptacle at that address." (Dkt. 5 at 1). The Court then sent the Order to the correct street address, 2999 Highway 61 North. This time the Order was not returned as undeliverable. Having received no response, on December 23, the Court entered the Order to Show Cause [7], ordering Malone to either pay the filing fee, amend his application, or show cause, by January 6, 2015, why the case should not be dismissed for failure to obey an Order of the Court. When Malone still failed to respond, the Court entered the Second

Order to Show Cause [8], on January 21, giving Malone one last chance to comply.

Both Orders to Show Cause were likewise sent to Malone's address of record, and they were not returned as undeliverable. To date he has not responded, paid the filing fee, nor otherwise contacted the Court. The Court has warned Malone that failure to comply may result in this case being dismissed. (Dkt. 8 at 2); (Dkt. 7 at 2); (Dkt. 3 at 1). It is apparent from his failure to respond or otherwise communicate with the Court that Malone lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 8th day of May, 2015.

                                     s/ *Louis Guirola, Jr.*
                                     LOUIS GUIROLA, JR.
                                     CHIEF U.S. DISTRICT JUDGE